# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06        . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**     Paul James Hickey and Elizabeth Gould Hickey

**Case Number:**    04-19251

---

### Document Information

---

**Description:**     Order  Granting in Part, Denying in Part [32-1] Application For Compensation ( Fees: $ 7,430.78,  Expenses: $ 194.00 for a total of $7,624.78) by Dennis M Feld. Payment to Dennis M. Feld, atty for dtrs, in the amt of $6105.19 in fees and $194.00 in expenses, of which $1,786.81 has already been paid.

Received on:     2005-12-13 09:27:18.000

**Date Filed:**     2005-12-13 00:00:00.000

**Date Entered On Docket:**     2005-12-13 00:00:00.000

---

### Filer Information

---

**Submitted By:**     Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:   PAUL HICKEY and
         ELIZABETH HICKEY,                          No. 13-04-19251 MA

         Debtor.


**ORDER GRANTING, IN PART, and DENYING, IN PART,**
**APPLICATION FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES AND COSTS**

THIS MATTER is before the Court on the Application for Allowance and Payment of

Compensation and Reimbursement of Expenses and Costs ("Fee Application") filed by Dennis M.

Feld, attorney for the Debtors, Paul Hickey and Elizabeth Hickey.   The Fee Application seeks

approval of attorneys' fees for the period beginning October 14, 2005 and ending June 14, 2005 in the

total amount of $6,965.00, and costs in the amount of $194.00, plus applicable gross receipts taxes in

the amount of $465.78, for a total requested amount of $7,624.78 as an administrative expense of the

estate.  Counsel has received a total of $1,786.81 from or on behalf of the Debtors which has been

applied to the total requested amount, leaving an outstanding balance of $5,837.97.   Counsel has not

received any payments  from the Chapter 13 Trustee.   The Chapter 13 Trustee filed an objection to

the Fee Application on grounds that many tasks performed took excessive amounts of time to

complete.  The Court held a final hearing on the Fee Application and took the matter under advisement.

After considering the Fee Application, and being otherwise sufficiently informed, the Court finds that

some of the requested fees and costs must be disallowed.    In reaching this determination the Court

FINDS:

    1.  Pursuant to 11 U.S.C. § 330(a)(4)(B),

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

2. Reasonableness is determined based upon such factors as the amount of time spent on the service, the rate charged, and whether the services were necessary to the administration of the bankruptcy estate. 11 U.S.C. § 330(a)(3). Compensation will not be allowed for "unnecessary duplication of services", for services that "were not reasonably likely to benefit the estate" nor for services that are not "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). Similarly, when excessive time is billed for uncomplicated matters, the attorney is not entitled to compensation for the total requested amount despite the fact that the work was actually done. *See In re Colorado-Ute Elec. Ass'n, Inc.,* 132 B.R. 174, 177 (Bankr.D.Colo. 1991) ("In applying for fees, attorneys 'should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-1940, 76 L.Ed.2d 40 (1983)). *In re Reconversion Technologies, Inc.,* 216 B.R. 46, 56 (Bankr.N.D.Okla. 1997) (In determining the amount of reasonable compensation, the court "should disallow hours that were 'duplicative, unproductive, excessive, or otherwise unnecessary.'" (quoting *In re Shades of Beauty, Inc*., 56 B.R. 946, 951 (Bankr.E.D.N.Y.1986) (citations omitted).

3. The fee applicant bears the burden of showing entitlement to the requested compensation. *See In re Recycling Industries, Inc.,* 243 B.R. 396, 402 (Bankr.D.Colo. 2000) ("It is well settled that the burden of proof as to the reasonableness of compensation is on the fee applicant."); *In re Amdura*

2

*Corp.,* 139 B.R. 963, 968 (Bankr.D.Colo. 1992).

4.  Time keeping records submitted in support of a fee application must sufficiently describe the work performed to enable the Court to determine whether the fees requested are reasonable and necessary.  *Amdura,* 139 B.R. at 972.   Descriptions for completed tasks that are too vague prevents the Court from determining reasonableness, and may result in the denial of fees for those tasks.  *Id.*

5.  Time spent on matters that are clerical in nature is not compensable.  *See In re Copeland,* 154 B.R. 693, 699 (Bankr.W.D.Mich. 1993) (examining fees requested by attorney for chapter 13 debtor, and noting that "The work for which lawyers receive compensation must be legal, not ministerial or clerical.").  Rather, clerical work is part of office overhead.   *See Amdura,* 139 B.R. at 985.   For example, time spent leaving telephone messages is not compensable as legal work.  *Copeland,* 154 B.R. at 702.

6.  Unproductive travel time is not compensable from the bankruptcy estate.  *See In re Mull,* 122 B.R. 763, 767 (Bankr.W.D.Okla. 1991) (citing *In re Seneca Oil Co.,* 65 B.R. 902, 909-910 (Bankr.W.D.Okla. 1986)).  *Compare Amdura Corp.,* 139 B.R. at 982-983 (finding that travel time for out of state counsel to appear was reasonable and necessary, and, therefore compensable).

7.  The Court finds that the hourly rates requested in the Fee Application of $175.00 for work performed by the attorney is reasonable.

8.  After review of the itemized billing records attached to the Fee Application, the Court finds that some entries must be disallowed because they are not reasonable or necessary.   Although many of the entries indicate that no fee was charged, several of the entries list time  spent that is excessive for the task performed or otherwise seem to duplicate tasks already performed in that they describe the same

3

work as prior entries.  Specifically, the following entries are disallowed for the reasons stated:

| Date | Entry | Time | Amount | Reason for Disallowance |
|------|-------|------|--------|-------------------------|
| 12/20/04 | Review changes and recalculate plan | .30 | $52.50 | excessive |
| 12/20/04 | DF changes to I, J & Plan | .30 | $52.50 | excessive |
| 1/4/05 | Memo to GR; have we done prod of docs yet? (Answer - all we need is proof of insurance on auto's & already requested from client when sent copy of Trustee's Letter re production of documents) | .10 | $17.50 | Excessive |
| 1/26/05 | 341 meeting. met with clients at 8:45.  Annette was late due to a fee app hearing. She got started around 9:30 our meeting started at 10:20. Post 341 meeting with clients went over needs for meeting on2/2. Travel Time. | .50<br>.50 | $87.50<br>$87.50 | Excessive; unproductive travel time |
| 1/28/05 | Review Objections & instructions to GR.  Gave copy to clients at appointment | .10 | $17.50 | Excessive |
| 1/29/05 | Instructions to GR re Notice of Hearing 3/23.  Check website to see if anyone filed objections (I did before) and also requests for notices | .10 | $17.50 | Clerical |
| 2/8/05 | Review letter from Trendwest instructions to GR re response.  Need FMV, contract, etc., Review letter written | .20 | $35.00 | Excessive; clerical; appears to duplicate entry #116 |

4

| 2/11/05 | Review amended plan and instructions to GR to have clients in next week | .10 | $17.50 | Excessive |
|---------|---------|------|---------|-----------|
| 2/18/05 | Researched used car interest rate in Business Outlook at Albuquerque Journal Office | .20 | $35.00 | Excessive - allow .10 for $17.50 for this task |
| 2/18/05 | Notes to GR re: addresses for service of Amended Plan to Wells Fargo GMAC, Ditech, and Ditech registered agent; comply with rule 9014 | .20 | $35.00 | Excessive |
| 2/21/05 | Received and reviewed revised claim and instructions to GR & letter to client with claim of GMAC | .10 | $17.50 | Excessive |
| 2/21/05 | Instructions to GR - call client to see if they would like us to mail to them the new plan for signature and return or come in to sign (Due to GMAC filing the claim) | .10 | $17.50 | Excessive; clerical |
| 2/22/05 | Received & reviewed letter from Wells Fargo 2/15. Instructions to GR send them a note that they are in the plan. Send copy of the plan with note; copy clients | .10 | $17.50 | Excessive; clerical |
| 3/23/05 | travel time | .50 | $87.50 | Excessive; non-productive travel time |
| 3/23/05 | received and reviewed trustee's objection to confirmation of debtors' amended plan | .10 | $17.50 | Excessive |

5

| 3/28/05 | instructions to GR to fax appraisal of Dottie McFarland to Tamara. Instructions on where Appraisal should be placed in file and to please create a GMAC file. GR advised GMAC file already created see pocket folder | .10 | $17.50 | Clerical |
|---------|---------|------|---------|----------|
| 4/7/05 | Review file and prepare response and motion to strike re GMAC objection to plan. Memo to GR re follow up on exemption amendment and request do notices of the 5/17 hearing to confirm to Rick | 1.30 | $227.50 | Excessive |
| 4/16/05 | Received and reviewed withdrawal of objection to confirmation of amended plan by Leverick for GMAC | .10 | $17.50 | Excessive |
| 4/21/05 | review draft of order (3 revisions) see yellow highlights | .40 | $70.00 | Excessive |
| 5/4/05 | DF called. Instructions Will need to withdraw exemption on time share | .10 | $17.50 | Excessive |
| 5/16/05 | DF returned call | .10 | $17.50 | Excessive |
| 5/17/05 | Court hearing; travel time | 1.00 | $175.00 | Excessive; unproductive travel time |
| 6/1/05 | Finish x-sheet & fee app review | .60 | $105.00 | Excessive |

The total disallowed amount is $1,242.50.

WHEREFORE, IT IS HEREBY ORDERED, that the Fee Application is approved, in part,

6

and denied, in part. Total fees in the amount of $5,722.50, plus costs in the amount of $194.00, plus applicable New Mexico gross receipts taxes in the amount of $382.69 (at the rate of 6.6875% as reported on the Fee Application) are allowed. Because counsel has already received $1,786.81 which has been applied toward the outstanding balance of attorneys' fees, the Chapter 13 Trustee is authorized to pay to Debtor's counsel a total of $4,512.38 as an allowed priority administrative expense from funds of the Debtor's bankruptcy estate. The remainder of fees requested in the Fee Application are disallowed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge


I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Dennis Feld
Attorney for Debtors
PO Box 45116
Rio Rancho, NM 87174

Kelley L. Skehen
Chapter 13 Trustee
625 Silver SW, Suite 350
Albuquerque, NM 87102

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

7